# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HENRY BUTLER,

                Plaintiff,

v.

AMERICAN FOODS GROUP, LLC,

                Defendant.

Case No. 11-CV-1013-JPS

**ORDER**

      On June 1, 2012, defendant American Foods Group, LLC ("AFG") filed a Motion to Dismiss (Docket #28). On July 12, 2012, AFG filed an unopposed Motion to Stay Discovery or Alternatively Amend Scheduling Order (Docket #34). Because the court will deny the motion to dismiss, it will deny the motion to stay as moot.

      Butler received a right-to-sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC"), mailed August 31, 2011. (Docket #1-1). It appears that Butler's EEOC charge named only AFG, as the right-to-sue letter was copied only to AFG. In his May 18, 2012 Amended Complaint (Docket #27), Butler named AFG as the sole defendant in this action alleging that AFG failed to first hire him for a particular position on the basis of his race, and later terminated his employment because of his disabled status. According to argument and submissions, AFG asserts that Butler was in fact employed by Green Bay Dressed Beef, LLC ("GBDB"), which it admits is a subsidiary of AFG.

      AFG has moved for dismissal on the grounds that this court lacks subject matter jurisdiction or, alternatively, that Butler has failed to state a claim for relief. Under Federal Rule of Civil Procedure 12, a defendant may

move the court for dismissal of a complaint on the ground that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A court may look outside the pleadings in determining the existence of subject matter jurisdiction. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). Rule 12(b)(6) contemplates dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to survive the motion, the complaint must allege sufficient facts to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court reads the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all possible inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

AFG argues that it was not Butler's employer and, therefore, under both Title VII and the Americans With Disabilities Act ("ADA"), the court has no subject matter jurisdiction because Butler has failed to name his employer within ninety days of receiving his right-to-sue letter. Alternatively, AFG argues that because it is not Butler's employer, the complaint fails to state a claim for relief under either statute. A plaintiff alleging Title VII violations must sue his or her employer within ninety days of receiving a right-to-sue letter. *Zugay v. Progressive Care, S.C.*, 180 F.3d 901, 902 (7th Cir. 1999); 42 U.S.C. § 2000e-5(f)(1). The ADA has the same ninety-day time limit. 42 U.S.C. § 12117(a).

Regarding AFG's motion to dismiss for lack of subject matter jurisdiction, its submissions fail to establish that AFG is not properly an employer within the meaning of Title VII or the ADA. AFG's motion seems to argue both that it is not Butler's employer, and that Butler failed to sue

GBDB within the required ninety days. As to GBDB, it is not a party to this case, and the court is careful not to issue an order disposing of any potential case against it without its involvement. Moreover, the ninety-day window for suit is not jurisdictional, as it may be equitably tolled. *Perkins v. Silverstein*, 939 F.2d 463, 469-70 (7th Cir. 1991). Thus, even if the court were inclined to comment as to the propriety of maintaining this action against GBDB, the limitation period is not a jurisdictional bar appropriate for a motion to dismiss for lack of subject matter jurisdiction. As to AFG itself, on the basis of the materials submitted, they are insufficient to establish with certainty that AFG cannot be held liable as Butler's "employer" under either Title VII or the ADA. A party is a proper defendant under Title VII if it: (1) maintained an employment relationship with the plaintiff; (2) forfeited its limited liability; or (3) satisfies standards for successor liability. *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001). This standard is the same under the ADA. *See Williams v. Banning*, 72 F.3d 552, 553-54 (7th Cir. 1995).

In its supporting brief, AFG attached a declaration of AFG's Associate General Counsel stating that GBDB, not AFG, employed Butler. (Paskach Decl. ¶¶ 3-4) (Docket #29-1). In response, Butler attached exhibits showing: that he used an AFG application for employment; a health insurance claim document listing only AFG as the insured; a sheet acknowledging receipt of an AFG handbook; a document with an AFG header, listing Butler as the employee, signed by Butler acknowledging receipt of a health insurance card and health care plan sent to AFG's human resources department; a Brown County Human Services "Employment Verification Form," stating it was "to be completed by employer," listing AFG as the employer and Butler as the employee; an on-site health clinic form regarding Butler listing AFG as

the employer; and another clinic report listing AFG as the company for which Butler worked. (Pl.'s Opposition Br. Ex. 1-6) (Docket #30-1). In reply, AFG attached: an attendance policy signed by Butler stating "American Foods Group (Green Bay Dressed Beef) attendance policy will operate…as follows"; a form signed by Butler acknowledging receipt of GBDB's handbook; and two GBDB employee warning reports written regarding Butler (though only one is signed by him). (Def.'s Reply Br. Ex. 1-4) (Docket #33-1, #33-2, #33-3, #33-4). In light of Butler's submissions, there remain open questions as to whether AFG might qualify as an employer in this case. First, AFG's counsel's declaration is not evidence so much as a legal conclusion that carries little weight. Next, while it appears that GBDB might be a more appropriate defendant, Butler's submissions do suggest that AFG may have had a sufficient employment relationship with him. AFG's reply primarily argues that certain documents display only that GBDB used documents with AFG labels because AFG is its parent corporation. That argument is insufficient in and of itself, ignoring as it does any examination of AFG's actual practices, not to mention the fact that arguments in a brief are not evidence. Moreover, AFG does not discuss all of Butler's exhibits, particularly the Brown County form required to be filled out by the employer that indicates AFG was the employer. In fact, AFG's own attendance policy submission specifically refers to "American Foods Group (Green Bay Dressed Beef)," which at least suggests the possibility of exceptional direct control by AFG. In sum, the submissions do not clearly establish a lack of subject matter jurisdiction for having failed to sue a proper defendant.[1]

---

[1] Because the court can deny the motion on this basis alone, it will not spend time discussing the possible forfeiture of limited liability at this stage.

Page 4 of 6

Case 2:11-cv-01013-JPS   Filed 07/19/12   Page 4 of 6   Document 35

As to AFG's motion to dismiss for failure to state a claim, the court is not permitted to look beyond the complaint unless it converts the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d) (motion under 12(b)(6) treated as one for summary judgment if outside matters presented and not excluded). While the court could convert the motion here, it does not find that would be helpful. On the basis of the materials submitted, there would easily remain a genuine dispute of material fact as to whether AFG was in fact Butler's employer. Thus, converting the motion would result in either its denial, or the court ordering further briefing and submissions. However, there does not appear to have been enough discovery as of yet to allow Butler to substantiate that AFG satisfies one of the tests for being considered an employer under either Title VII or the ADA. Thus, further briefing would only invite an order for further discovery. That is unnecessary where AFG still has ample time to move for summary judgment. AFG is free to move for summary judgment, but the court will not convert the instant motion. As such, taking the Amended Complaint on its face, Butler has stated a plausible claim for relief. There is nothing in the complaint that forecloses AFG's qualification as an employer under current case law. Such a question, as intimated above, is more properly the subject of a motion for summary judgment.

Thus, the court will deny AFG's motion to dismiss. Likewise, because the motion has been disposed of, the court will also deny the motion to stay as moot. That motion requested a stay only pending resolution of the motion to dismiss. The court notes that, despite its denial of the motion to dismiss,

Butler might be better served by adding GBDB as a defendant, assuming it is a viable defendant.[2]

Accordingly,

**IT IS ORDERED** that the defendant's Motion to Dismiss (Docket #28) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the defendant's Motion to Stay (Docket #34) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 19th day of July, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[2] At first blush, it would appear Butler failed to name GBDB within the required ninety-day time limit, and further that Butler failed to name GBDB in his EEOC charge. However, both potential obstacles are subject to exceptions, *Perkins v. Silverstein*, 939 F.2d 463, 469-71 (7th Cir. 1991), and those questions have not been fully litigated. Moreover, the time to freely amend pleadings has passed, but that does not necessarily foreclose amendment at this point; again, that question has not been raised at this juncture.